[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 120.]

BLUE CROSS AND BLUE SHIELD MUTUAL OF OHIO, APPELLEE, *v*. HRENKO,
APPELLANT.

[Cite as *Blue Cross & Blue Shield Mut. of Ohio v. Hrenko*, 1995-Ohio-306.]

*Insurance—Health insurer that has paid medical benefits to its insured and has
been subrogated to the rights of its insured may recover from the insured,
when.*

Pursuant to the terms of an insurance contract, a health insurer that has paid
medical benefits to its insured and has been subrogated to the rights of its
insured may recover from the insured after the insured receives full
compensation by way of a settlement with the insured's uninsured motorist
carrier.

(No. 93-2459—Submitted February 21, 1995—Decided May 3, 1995)

APPEAL from the Court of Appeals for Cuyahoga County, No. 63907.

———————————

{¶ 1} Appellant, Robert Hrenko, was injured in 1989 when Jeffrey Burns,
an uninsured motorist, struck his automobile from behind. Hrenko required medical
treatment and hospitalization for the injuries he sustained in the accident. Appellee,
Blue Cross & Blue Shield Mutual of Ohio ("Blue Cross"), Hrenko's group health
insurer, paid for the resulting medical expenses. Because Burns did not have
insurance coverage, Hrenko filed a claim with his uninsured motorist carrier,
Allstate Insurance Company ("Allstate"), for damages, injuries and medical
expenses. Hrenko and Allstate reached a settlement in which Hrenko received
$42,000. Pursuant to a subrogation clause in the health insurance contract between
Hrenko and Blue Cross, Blue Cross sought reimbursement from Hrenko out of the
monies received from Allstate. Hrenko refused to reimburse Blue Cross. Blue
Cross then filed suit for reimbursement. Hrenko filed a counterclaim, asserting that

if Blue Cross prevailed on its claim he was entitled to the attorney fees required to settle the uninsured motorist claim. Hrenko and Blue Cross filed motions for summary judgment.

{¶ 2} By journal entry, the trial court denied Blue Cross's motion for partial summary judgment and granted Hrenko's motion for summary judgment. Blue Cross appealed. The court of appeals reversed both rulings of the trial court, entered partial summary judgment in favor of Blue Cross, and remanded the cause for further proceedings on Hrenko's claim for attorney fees.

{¶ 3} The court of appeals held that under Ohio law, whether or not a health insurer has a right of subrogation against its insured for uninsured motorist benefits must be determined from the language of the subrogation clause in the health insurance contract. The court also held that where the insurance contract includes a right of subrogation against amounts recovered from an uninsured motorist carrier, Ohio courts will enforce that right.

{¶ 4} This cause is now before this court pursuant to the allowance of a motion to certify the record.

---

*Thompson, Hine & Flory*, *Stephen F. Gladstone*, *Brian J. Lamb* and *Michael J. Holleran*, for appellee.

Stewart & DeChant Co., L.P.A., Thomas E. DeChant and *Joseph T. Burke*, for appellant.

---

**WRIGHT, J.**

{¶ 5} The question presented to this court is whether, pursuant to the terms of the health insurance policy, Blue Cross is entitled to be reimbursed by Hrenko after Hrenko received compensation by way of settlement from Allstate.

{¶ 6} For the reasons that follow, we hold that pursuant to the terms of an insurance contract, a health insurer that has paid medical benefits to its insured and

has been subrogated to the rights of its insured may recover from the insured after the insured receives full compensation by way of a settlement with the insured's uninsured motorist carrier.

I

{¶ 7} In Ohio, there are three distinct kinds of subrogation: legal, statutory, and conventional. Legal subrogation arises by operation of law and applies when one person is subrogated to certain rights of another so that the person is substituted in the place of the other and succeeds to the rights of the other person. *State v. Jones* (1980), 61 Ohio St.2d 99,100-101, 15 O.O.3d 132, 133, 399 N.E.2d 1215, 1216-1217. Statutory subrogation is a right that exists only against a wrongdoer. Conventional subrogation is premised on the contractual obligations of the parties, either express or implied. The focus of conventional subrogation is the agreement of the parties. *Id.* at 101, 15 O.O.3d at 133, 399 N.E.2d at 1217.

{¶ 8} The subrogation provision of the insurance contract between Blue Cross and Hrenko provides:

"This provision applies whenever we pay benefits for Covered Services and you have the right to recover from another person or organization as a result of a negligent or wrongful act.

"For the purpose of subrogation, uninsured and under-insured motorist policies are also considered to be Other Contracts.

"To the extent we provide or pay benefits for Covered Services, we assume your legal rights to any recovery of expenses Incurred.

"To the extent we provide or pay benefits for Covered Services, you must repay us amounts recovered by suit, settlement or otherwise from any third party or his insurer, as well as from any person, organization or insurer.

"You must give us information and assistance and sign the necessary documents to help us enforce our rights. You must not do anything which might limit our rights."

{¶ 9} Hrenko argues the provision is unenforceable because an insurer subrogee's claim exists only against the tortfeasor or the tortfeasor's insurer. Such would be true if this was a case of statutory subrogation. See, *e.g.*, R.C. 3929.06. However, the subrogation provision at issue in this case is a contractual subrogation agreement controlled by contract principles. Therefore, Hrenko's assertion is incorrect.

{¶ 10} It is well-settled law in Ohio that insurance policies should be construed liberally in favor of the insured. *Yeagar v. Pacific Mut. Life Ins. Co.* (1956), 166 Ohio St. 71, 1 O.O.2d 204, 139 N.E.2d 48, paragraph one of the syllabus. However, under contract principles, "words in a policy must be given their plain and ordinary meaning, and only where a contract of insurance is ambiguous and therefore susceptible to more than one meaning must the policy language be liberally construed in favor of the claimant who seeks coverage." *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 89, 545 N.E.2d 83, 88.

{¶ 11} The subrogation provision at issue applies "whenever we [Blue Cross] pay benefits for Covered Services and you [Hrenko] have the right to recover from another person or organization as a result of a negligent or wrongful act." Blue Cross paid the medical expenses incurred by Hrenko, and Hrenko had the right to recover from Burns for a negligent act. Because Burns was uninsured, Hrenko had the right to recover under his uninsured motorist insurance coverage.

{¶ 12} The subrogation provision goes on to provide that Hrenko "must repay [Blue Cross] amounts recovered by suit, settlement or otherwise from any third party or his insurer, *as well as from any* person, organization or *insurer*." (Emphasis added.) Giving the words their plain and ordinary meaning, the sentence applies to *any* insurer, including Hrenko's uninsured motorist carrier.

{¶ 13} Additionally, another portion of the subrogation provision reads, "[f]or the purpose of subrogation, uninsured and under-insured motorist policies are also considered to be Other Contracts." The language used in the contract

4

between Hrenko and Blue Cross is clear, relatively concise and not limited. The phrase, "[a]s well as from any *** insurer," is not limited to the tortfeasor or the tortfeasor's insurer. Rather, the plain and ordinary meaning of the words of the contract directly pertains to insurers which by their contracts are liable to their insureds for their insureds' injuries or losses.

## II

{¶ 14} Hrenko also argues the subrogation provision is unenforceable because it violates public policy by interfering with his contract with his motor vehicle insurer and reducing his uninsured motorist coverage. Hrenko's assertion is incorrect.

{¶ 15} The underlying public policy for provision of uninsured and underinsured motorist coverage is "to assure that an injured person receive at least the same amount of compensation whether the tortfeasor is insured or uninsured." *Motorists Mut. Ins. Co. v. Andrews* (1992), 65 Ohio St.3d 362, 365, 604 N.E.2d 142, 145. The subrogation provision did not improperly reduce Hrenko's uninsured motorist coverage because, even after reimbursing Blue Cross, Hrenko received the *same* amount of compensation he would have received had Burns been insured.

{¶ 16} Hrenko received the full benefit of his bargain with Allstate and with Blue Cross. To permit Hrenko to circumvent the subrogation clause and to receive payment for medical expenses from both his group health insurer and his uninsured motorist carrier would place Hrenko in a better position than he was in before the accident. The purpose of the uninsured motorist coverage is to compensate the individual and not to permit what might be viewed as a windfall.

III

**{¶ 17}** It is uncontroverted that Burns negligently caused the accident and that Hrenko sustained injuries as a result. Accordingly, Hrenko is entitled to recover damages from Burns, who operated the uninsured vehicle. Due to the fact that Burns is uninsured, under the terms of its uninsured motorist provision Allstate is a party liable for the damages Hrenko sustained, including medical expenses.

**{¶ 18}** It follows that because Blue Cross paid Hrenko's medical expenses, under the subrogation clause it succeeds to Hrenko's right to seek reimbursement from Allstate, which is liable for the medical expenses under Hrenko's uninsured motorist coverage. Because Hrenko already received the payments from Allstate, Blue Cross may seek reimbursement from Hrenko and was entitled to partial summary judgment in its favor.

**{¶ 19}** Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK, J., concurs in the syllabus and judgment only.

_____