OPINION
Plaintiff Nancy Hipkins appeals a judgment of the Court of Common Pleas, Licking County, Ohio, which granted judgment on the pleadings in favor of defendant State Farm Mutual Insurance Company. Appellant assigns two errors to the trial court:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING THE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS. THE TRIAL COURT ERRED IN FAILING TO GRANT NANCY HIPKINS' MOTION FOR JUDGMENT ON THE PLEADINGS.
In her complaint, appellant alleges she was a passenger in a vehicle owned by Rex Frizzell when it was involved in an accident. Frizzell was insured with a policy of motor vehicle insurance issued by appellee. Appellant attached a copy of a policy to her complaint. Appellant alleges she submitted various medical expenses to appellee for payment but appellee refused to pay until she submitted to an independent medical examination. Appellant refused to do so, and brought suit, asking the court to determine the rights and obligations of the parties under the policy, and asking for punitive damages for bad faith.
 I and II
We will address these assignments of error together for purposes of clarity.
The parties filed cross motions for judgment on the pleadings. Appellant argues the court erred in granting appellee's motion rather than appellant's motion.
In State ex rel. v. Midwest Pride IV, Inc. v. Pontious
(1996), 75 Ohio St.3d 565, the Ohio Supreme Court recently discussed how a court approaches a motion for judgment on the pleadings made pursuant to Civ. R. 12 (C). As the Supreme Court noted, Civ. 12 (C) permits a court to consider the complaint and the answer, as contrasted with a motion made pursuant to Civ. R. 12 (B)(6), which is determined on the face of the complaint alone,Pontious at 569, citing Burnside v. Leimbach (1991), 71 Ohio App.3d 399,402-403. The Supreme Court noted our standard of reviewing a judgment made pursuant to Civ. R. 12 (B)(6)and (C) is similar, but in the Civ. R. 12 (C) motion, the issue requires the resolution of questions of law, Pontious at 570, citing Petersonv. Teodosio (1973), 34 Ohio St.2d 161 at 166. The Supreme Court directed that pursuant to Civ. R. 12 (C), dismissal of the complaint is appropriate where the court construes the material allegations in the complaint, and all the reasonable inferences to be drawn from it, in favor of the non-moving party, and yet finds the plaintiff could prove no set of facts in support of his claim which entitle him to relief, Id. citing Lin v. GatehouseConstruction Company (1992), 84 Ohio App.3d 96 at 99. Thus, in sustaining a motion made pursuant to Civ. R. 12 (C), the court must determine no material factual issues exist, and that the moving party is entitled to judgment as a matter of law, Id.,
citing Burnside, Id., at 403.
As appellee points out, the court could appropriately review the copy of the insurance policy which appellant appended to her complaint pursuant to Civ. R. 10 (C).
Basically, appellant argues she is not required under the language of the policy to submit to an independent medical examination, while appellee asserts she is required to do so. The policy definition section defines an "insured" as a person, persons, or organization as defined under the specific coverage. The medical payments coverage under which appellant seeks payment defines a person occupying an insured vehicle as being entitled to payment for medical payments coverage under the terms of the policy. The parties agree appellant was a passenger occupying an insured vehicle and is eligible for medical payments coverage. The only dispute is whether or not it makes appellant "an insured".
The section captioned REPORTING A CLAIM — INSURED DUTIES
under Section 4, provides:
 4. Other Duties Under Medical Payments, Uninsured Motor Vehicle, Death, Dismemberment and Loss of Sight, Total Disability and Loss of Earnings Coverages.
 Any person who suffers a bodily injury which results in a medical payments coverage claim must notify us of the claim in writing as soon as reasonably possible after the person's first examination or treatment resulting from the bodily injury. Another person may give us the required notice on behalf of the injured person.
The person making claim also shall:
 a. Under the medical payments, uninsured motor vehicle, death, dismemberment and loss of sight, total disability and loss of earnings coverages:
 (2) be examined by physicians chosen and paid by us as often as we reasonably may require. A copy of the report will be sent to the person upon written request. The person, or his or her legal representative if the person is dead or unable to act, shall authorize us to obtain all medical reports and records.
Appellant argues she is not an insured under the policy and thus anything falling under the caption of Insured Duties does not apply to her.
In Blue Cross and Blue Shield Mutual of Ohio v. Hrenko
(1995), 72 Ohio St.3d 120, the Ohio Supreme Court directed that pursuant to basic contract principles, words in a policy must be given their plain and ordinary meaning, and only where a contract for insurance is ambiguous and susceptible to more than one meeting must be the policy language construed liberally in favor of the claimant who seek coverage, Hrenko at 122, citations deleted.
We find under the plain meaning of the language, persons who claim a bodily injury entitles them to recover damages must submit to independent medical examinations reasonably requested by appellee. We are unpersuaded the caption "insured duties" makes the contract language susceptible to more than one meaning.
We find the trial court correctly determined appellee was entitled to judgment as a matter of law.
Accordingly, each of the assignments of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By Gwin, P.J., Reader, J., and Wise, J., concur.
 JUDGMENT ENTRY
CASE NO. 96-CA-00161
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant.