DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The insured, Nancy Kuehls, has appealed from an order of the Summit County Common Pleas Court that granted summary judgment to the insurer, Farmer's Insurance Company, in a dispute over payment for injuries she sustained during December 1991. She has argued that: (1) the trial court lacked jurisdiction to entertain the insurer's action to "vacate, modify, or correct" an arbitration award; (2) the trial court incorrectly reduced a 1994 arbitration award by an amount she obtained in a settlement with the City of Hudson for her injuries; and (3) the trial court incorrectly dismissed her bad faith counterclaim against the insurer.[1]
This Court affirms the decision of the trial court because: (1) the trial court had jurisdiction to entertain the insurer's action and was obligated to confirm the arbitration award; (2) the arbitration award was $28,750 minus any appropriate setoff and, therefore, the trial court did not reduce the arbitration award; and (3) the bad faith counterclaim was properly dismissed because the insurer had a reasonable justification for withholding payment to its insured.
 I.
On December 30, 1991, the insured broke her ankle in a parking lot owned by the City of Hudson. Her husband had parked their car to let her mail a letter at the post office. She stepped from the vehicle into a pothole that was "partially hidden by the van," lost her balance, and fell. She underwent surgery during the first week of January 1992.
The insured notified the City and the insurer of her injury. According to the insured, her "claim for damages was acknowledged by both parties," and each knew about her claim against the other. On October 22, 1992, she settled with the City for $27,500. She received that money on November 1, 1992. The insurer, however, did not settle. Instead, it denied coverage under the liability provision of its policy because, under the terms of the liability provision, it was not obligated to pay for injuries to family members of the insured driver, who was, in this case, her husband. In addition, it denied coverage under the uninsured/underinsured provision of its insurance policy because it claimed that her husband had not been negligent and, therefore, was not responsible for her injuries.
On November 4, 1992, the insured requested arbitration with the insurer. She selected an arbitrator and asked the insurer to do the same. Apparently, the insurer failed to appoint an arbitrator so, on January 3, 1993, the insured filed a lawsuit against her husband to collect for her injuries. On September 30, 1993, the insurer agreed to arbitration, and the insured dismissed her lawsuit. On August 8, 1994, the arbitration hearing was held.
The arbitration panel found both the insured and her husband negligent, with the insured's negligence apportioned at 42.5%. It also found her total damages to be $50,000. After applying Ohio's comparative negligence statute, the panel determined that the insured was entitled to $28,750. As part of its award, the panel wrote: "There is no consideration for set-off in this award."
The insurer set off the $27,500 the insured had already received in her settlement with the City against the $28,750 to which the arbitration panel had found her entitled and tendered her a check for $1250. The insured refused the tendered check.
On March 24, 1995, the insurer filed this action to confirm the arbitration award and declare the parties' rights under the insurance policy. The insured filed a counterclaim, in which she alleged that the insurer had acted in bad faith. On February 18, 1997, the trial court granted the insurer's motion for summary judgment. It determined that the insurer was entitled to set off the $27,500 the insured had received from the City against the $28,750 in damages to which the arbitration panel had found the insured entitled. Accordingly, the trial court concluded that the insurer owed the insured $1250. The insured timely appealed to this Court.
 II. A.
The insured's first assignment of error is that the trial court lacked jurisdiction to entertain this action. She has argued that, pursuant to Sections 2711.10, 2711.11, and 2711.13 of the Ohio Revised Code, the insurer had only three months to bring this action to "vacate, modify, or correct" the binding arbitration award. Because the insurer filed its action well outside the statutory three-month period, she has asserted, the trial court lacked jurisdiction to entertain the lawsuit. She has pointed to Galion v. American Fedn. of State, Cty. Mun. Emp.,Ohio Council 8, AFL-CIO, Local 2243 (1995), 71 Ohio St.3d 620, to argue that a declaratory judgment action is inappropriate to challenge an arbitration award and that Chapter 2711 of the Ohio Revised Code provides the exclusive means to appeal an award.
This assignment of error is based on a premise that the arbitration award was $28,750. By specifically noting that it had not considered setoff, however, the arbitration panel recognized that its award was actually $28,750 minus any appropriate setoff. By determining that the insured was entitled to a judgment of $1250, the trial court was not vacating, modifying, or correcting the arbitration award; rather, it was confirming that award.
Pursuant to Section 2711.09 of the Ohio Revised Code:
 At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected [pursuant to Sections 2711.10 and 2711.11
of the Ohio Revised Code].
A trial court must grant a motion to confirm an arbitration award pursuant to Section 2711.09 if the motion is timely, unless a motion to modify or vacate the award was made and cause to modify or vacate it was shown. Warren Edn. Assn. v. Warren City Bd. ofEdn. (1985), 18 Ohio St.3d 170, syllabus. The arbitration panel handed down its decision on August 8, 1994. The insurer filed its action to confirm the arbitration award on March 24, 1995, well within the one-year limitation of Section 2711.09. The trial court had jurisdiction to confirm the arbitration award and was obligated to do so. The insurer was not trying to circumvent the statutory procedures for challenging an arbitration award, so the Ohio Supreme Court's concerns in Galion had no application in this case. The insured's first assignment of error is overruled.
 B.
The insured's second assignment of error is that the trial court incorrectly reduced the arbitration award by the amount she obtained in the settlement with the City for her injuries. As discussed in connection with the insured's first assignment of error, the trial court did not reduce the arbitration award. Rather, it confirmed that award. The insured's primary argument in support of this assignment of error, however, is that the trial court incorrectly determined that the insurer was entitled to a setoff equal to the amount the insured received from her settlement with the City.
According to the insured, pursuant to Section 2744.05 of the Ohio Revised Code, the insurer would have been precluded from suing the City to recover any amount it paid the insured under the terms of its insurance policy, even though the City was liable for her injuries. Based upon that, she has argued that the trial court incorrectly reduced the amount she was entitled to receive from the insurer by the $27,500 she received in her settlement with the City, because that amount represented money the insurer would otherwise have no right to obtain. Pursuant to Section2744.05:
 Notwithstanding any other provisions of the Revised Code or rules of a court to the contrary, in an action against a political subdivision to recover damages for injury, death, or loss to persons or property caused by an act or omission in connection with a governmental or proprietary function:
* * *
 (B) If a claimant receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance or any other source, the benefits shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against a political subdivision recovered by that claimant. No insurer or other person is entitled to bring an action under a subrogation provision in an insurance or other contract against a political subdivision with respect to such benefits.
The insured's reliance on Section 2744.05 is misplaced. That section serves two purposes: "It conserves fiscal resources of political subdivisions by limiting their tort liability. Secondly, it permits injured persons, who have no source of reimbursement for their damages, to recover for a tort committed by the political subdivisions." Buchman v. Wayne Trace LocalSchool Dist. Bd. of Edn. (1995), 73 Ohio St.3d 260, 266. In particular, it reduces the net liability of the political subdivision to that exceeding the claimant's collateral sources.Id. In this case, the insurer merely sought to reduce the amount it was obligated to pay the insured by subtracting from the arbitration award the amount she had already received from the City, which compensated her for most of her injury. It did not bring "an action * * * against a political subdivision." Nor was the City's net liability increased as a result of the insurer's reduction of the arbitration award. Section 2744.05(B) did not apply in this case.
Instead, the applicable provision of the Ohio Revised Code was Section 3937.18, providing for uninsured and underinsured motorist coverage. That section allows an insurer to reduce its obligation to its insured by amounts paid by other entities responsible for the insured's damages. Pursuant to Section3937.18(E):
 In the event of payment to any person under the coverages required by this section and subject to the terms and conditions of such coverages, the insurer making such payment to the extent thereof is entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury or death for which such payment is made[.]
The policy under which the insured has claimed coverage also provided for a reduction in the amount paid by the insurer under the uninsured/underinsured motorist coverage by amounts received from other parties liable to the insured. Pursuant to Part II of the policy at issue in this case:
 The amount of Uninsured Motorist Coverage [the insurer] will pay * * * shall be reduced by the amount of any other bodily injury coverage available to any party held to be liable for the accident.
Part V of that policy provided:
 When a person has been paid damages by [the insurer] under this policy and also recovers from another, the amount recovered from the other shall be held by that person in trust for us and reimbursed to us to the extent of our payment.
In this case, setting off the amount the insured received from the City against the amount she was entitled to receive from the insurer prevented her from obtaining a double recovery for her injury. Section 3937.18 does not contemplate such a double recovery. In Cole v. Holland (1996), 76 Ohio St.3d 220, 222, the Ohio Supreme Court noted:
 [I]f an injured party's damages do not exceed the amount of recovery available from the tortfeasor's liability insurers, the tortfeasor is not underinsured and underinsurance coverage does not come into play. Likewise, if the injured party's damages do exceed the amount available from the tortfeasor's liability insurers, but do not exceed the relevant policy limit of the injured party's underinsurance coverage, that injured party will recover the full extent of his or her damages, with the underinsurance provider paying those damages not covered by the tortfeasor's liability insurers.
The insured's damages exceeded the amount she obtained from the City's liability insurers, in that she obtained only $27,500 from the city, although the amount to which she was entitled was $28,750. She was, therefore, underinsured by $1250. Her damages did not exceed the uninsured/underinsured liability coverage of her insurance policy. She was, therefore, entitled to recover the "full extent" of her damages, "with [the insurer] paying those damages not covered by the tortfeasor's liability insurers." Id.
The insurer owed its insured $1250, and the trial court did not err by awarding that amount to her. To hold otherwise would grant a windfall to the insured in that she would collect not only $27,500 from the City, but also an additional $28,750 from the insurer. Such is not the underlying policy for provision of uninsured/underinsured motorist coverage. See Blue Cross BlueShield Mut. of Ohio v. Hrenko (1995), 72 Ohio St.3d 120, 123. The insured's second assignment of error is overruled.
 C.
The insured's third assignment of error is that the trial court incorrectly dismissed her bad faith counterclaim against the insurer. She has argued that the trial court "assumed that its reduction of the arbitrators' award was jurisdictionally authorized when it dismissed [her] counterclaim for bad faith. Since the Court had no jurisdiction to reduce the award to [her], it follows that there was no basis for it dismissing [her] bad faith claim."
As discussed previously, the trial court did not reduce the arbitration award. Viewed properly, the award was $28,750 minus any appropriate setoff. An insurer fails to exercise good faith in the processing of a claim of its insured when its refusal to pay the claim was not predicated upon reasonable justification. Zoppov. Homestead Ins. Co. (1994), 71 Ohio St.3d 552, paragraph one of the syllabus. Inasmuch as the insurer was entitled to subtract the settlement amount paid by the City from the $28,750 to which the insured was otherwise entitled, it had a reasonable justification for not paying the full $28,750 as demanded by the insured. The insurer tendered the amount it owed, $1250, but it was refused by the insured. The insured's third assignment of error is overruled.
 III.
The insured's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
SLABY, P. J.
REECE, J. CONCUR.
[1] The insured's assignments of error have been consolidated for ease of discussion.