OPINION
On September 8, 1997, Indiana Insurance Company ("Indiana") filed a complaint for a declaratory judgment in the Franklin County Court of Common Pleas against George E. Hardgrove, Jr., Cousins Enterprises, Inc. ("Cousins") and Shelley Tippett. Indiana sought a declaration of its rights and obligations under an insurance policy. Such policy was issued to Mr. Hardgrove, dba Cousins Army Navy and covered the premises described as 1453 N. High Street, Columbus, Ohio. Listed under the heading "OCCUPANCY OF PREMISES" was "SPORTING GOODS." The complaint averred that Mr. Hardgrove was also the owner of real property located at 45-47 W. King Avenue which was not the designated premises covered under the policy described above. Indiana further averred that Ms. Tippett had commenced a suit against Mr. Hardgrove, Cousins and others alleging bodily injury stemming from a fall from a second-story balcony located at 45-47 W. King Avenue. Mr. Hardgrove had requested that Indiana defend such lawsuit.
Indiana requested a declaration that it was not obligated to defend against or indemnify Mr. Hardgrove in Ms. Tippett's suit because the insurance policy did not apply to the premises where Ms. Tippett's bodily injuries occurred and that it was not obligated to defend or indemnify Cousins in such suit because the insurance policy did not provide coverage to Cousins.
On December 18, 1997, Ms. Tippett filed an answer and a counterclaim. Ms. Tippett averred that she was a third-party beneficiary of the insurance policy at issue. In her counterclaim, Ms. Tippett set forth claims for breach of contract and bad faith, asserting Indiana had failed to honor the insurance contract with Mr. Hardgrove, and Indiana owed Mr. Hardgrove a duty of good faith in providing a legal defense against Ms. Tippett's lawsuit.
On March 16, 1998, Indiana filed a motion for summary judgment contending that under the terms of the insurance policy, Mr. Hardgrove and Cousins were not entitled to a defense or indemnification. Ms. Tippett filed a memorandum contra. Mr. Hardgrove and Cousins filed a memorandum contra, indicating that Mr. Hardgrove had assigned his rights under the insurance contract to Ms. Tippett and that by agreement, Ms. Tippett's counsel would be defending the declaratory judgment action. Nonetheless, Mr. Hardgrove contended that rental operations were run out of the insured premises and that such operations were incidental to the use of the insured premises. Hence, Mr. Hardgrove and Cousins took the position that the policy provided coverage for Ms. Tippett's injuries occurring at Mr. Hardgrove's rental property.
On August 31, 1999, the trial court rendered a decision granting summary judgment in favor of Indiana. A judgment entry was journalized on September 14, 1999 wherein the trial court declared that Indiana had no obligation to defend or indemnify Mr. Hardgrove or Cousins with respect to Ms. Tippett's claims arising from the fall occurring at 45-47 W. King Avenue. Judgment was granted to Indiana against all defendants.[1]
Ms. Tippett (hereinafter "appellant") has appealed to this court, assigning the following as error:
 WHERE SUFFICIENT RECORD EVIDENCE EXISTS TO PLACE AT ISSUE WHETHER THE APPELLANT'S INJURIES AROSE OUT OF OPERATIONS NECESSARY OR INCIDENTAL TO THE PREMISES INSURED BY APPELLEE, THE TRIAL COURT ERRED IN SUSTAINING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
Appellant contends the trial court erred in granting summary judgment in favor of Indiana (hereinafter "appellee") because a factual issue exists as to whether appellant's injuries arose out of operations that were necessary or incidental to the insured premises. We note that appellant concedes summary judgment in favor of appellee finding Cousins was not covered under the policy was proper. Thus, the only issue is whether the policy issued to Mr. Hardgrove, dba Cousins Army Navy, provides coverage as to appellant's injuries. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, citing Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus. Our review of the appropriateness of summary judgment is de novo. See Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
The issue before this court involves interpretation of a contract of insurance. It is well-settled that insurance policies should be liberally construed in favor of the insured. Blue Cross Blue Shield Mut. of Ohio v. Hrenko (1995), 72 Ohio St.3d 120,122, citing Yeager v. Pacific Mut. Life Ins. Co. (1956), 166 Ohio St. 71, paragraph one of the syllabus. Under contract principles, words in a policy must be given their plain and ordinary meaning.Hrenko at 122. If a contract is clear and unambiguous, its interpretation is a matter of law, and there is no issue of fact to be determined. Nationwide Mut. Fire Ins. Co. v. Guman Bros.Farm (1995), 73 Ohio St.3d 107, 108. However, where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, such provisions will be construed strictly against the insurer and liberally in favor of the insured.Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660,664, citing King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus.
The insurance policy at issue states, in pertinent part:
A. Coverages
 1. Business Liability. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" * * * to which this insurance applies.
Further, an endorsement to the policy states, in pertinent part:
 This insurance applies only to "bodily injury," * * * arising out of:
 1. The ownership, maintenance or use of the premises designated in the declarations and operations necessary or incidental to those premises.
Appellant contends there is a genuine issue as to whether or not Mr. Hardgrove's rental business constitutes operations necessary or incidental to the designated premises. Construing the evidence most strongly in favor of appellant, Mr. Hardgrove indeed conducted business relating to his W. King Avenue rental property at the 1453 N. High Street premises. However, it does not then follow that Mr. Hardgrove's activities relating to the W. King Avenue rental property were covered under the policy at issue. The policy, as indicated above, states that it applies only to bodily injury arising out of the ownership, maintenance or use of the premises designated in the declarations and operations necessary or incidental to those premises. Here, the premises designated was clearly a sporting goods store located at 1453 N. High Street. The insured is listed as "GEORGE E HARDGROVE JR DBA COUSINS ARMY NAVY," and listed under occupancy of premises is "SPORTING GOODS." The evidence shows that Cousins Army Navy is the name of the retail store located at 1453 N. High Street.
This court is aware of cases which held that certain insurance policies provided coverage despite the fact that injuries occurred off the premises designated in such insurance policies. However, such cases are distinguishable from the case at bar. In Brewer v. DeCant (1958), 167 Ohio St. 411, the insurance policy at issue provided coverage for bodily injury arising out of the ownership, maintenance or use of the premises and all operations necessary or incidental thereto. Id. at 411-412. The purpose of the premises, as set forth in the insurance policy, was the operation of an automobile dealership. Id.
An automobile collision involving a car under the charge and control of the automobile dealership occurred off the dealership premises, and the injured party filed suit alleging the above policy provided coverage. The Supreme Court stated that the policy language was clearly intended to cover more than accidents occurring on the premises and that the language "operations necessary or incidental" to the purpose of the automobiledealership obviously contemplated many activities that necessarily were not capable of being performed on the premises. Id. at 413. Accordingly, the Supreme Court held that the policy provided coverage for the accident at issue.
In Lessak v. Metropolitan Cas. Ins. Co. of New York
(1958), 168 Ohio St. 153, paragraph one the syllabus, the Supreme Court held, in pertinent part:
 Where an insurance company issues a policy of liability insurance in which it agrees to pay * * * all sums * * * for damages * * * arising out of ownership, maintenance or use for the purposes stated in the policy and arising out of all operations * * * which are necessary or incidental to such purposes, and where in such policy there is no limitation as to where the accident occurs, the policy is operative to protect the insured against a claim as to an accident occurring away from the insured's premises, where the hazard arose from an operation upon the premises, which was incidental to the purposes for which the premises were maintained. [Emphasis added.]
In Lessak, the plaintiff, who did business as a hardware store, brought a declaratory judgment action against an insurance company seeking a declaration that coverage existed under a policy for an accident involving a BB-gun allegedly sold by the hardware store to a minor in violation of the law. Id. at 153-154. The insurance company admitted it issued an insurance contract to the plaintiff concerning the operation of a retail hardware store.Id. at 154. The insurance company asserted the policy only covered accidents occurring on the premises. Id. at 158. However, the Supreme Court noted that the policy language did not so state and that selling a BB-gun was an operation necessary or incidental to the purpose for which the premises were used. Id.
The above cases make it clear that when the policy so states, coverage applies only to injuries arising out of those operations which are necessary or incidental to the purpose for which the premises are maintained.[2] Unless the policy indicates otherwise, it is of no matter that the injury occurred off the premises designated in the policy. However, the injury must have related to operations arising out of or which are necessary or incidental to the purpose of the premises. In the case at bar, the policy states that it applies only to bodily injury arising out of the ownership, maintenance or use of the premises designated and operations necessary or incidental to those premises. The designated premises is a sporting goods business, not a rental property management business. Therefore, the policy does not cover bodily injury arising out the operation of a rental management business, even if activities relating to such rental management business occurred at the designated premises.
Given all of the above, the trial court did not err in granting summary judgment in favor of appellee and in declaring that appellee had no obligation to defend or indemnify Mr. Hardgrove or Cousins with respect to appellant's claims arising from her fall at 45-47 W. King Avenue. Accordingly, appellant's sole assignment of error is overruled.
Having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
McCORMAC and DESHLER, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] We note that the judgment declaring Indiana was not obligated to defend or indemnify Mr. Hardgrove and Cousins in Ms. Tippett's suit necessarily terminated Ms. Tippett's counterclaim against Indiana for breach of contract and bad faith.
[2] See, also, S. American Ins. Co. v. Guaranty Natl. Ins. Co.
(Apr. 24, 1986), Franklin App. No. 85AP-357, unreported.