DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Grange Mutual Casualty Company has appealed from a decision of the Summit County Court of Common Pleas that granted summary judgment to Defendant-Appellee Premier Recyclers Plastics, Inc. This Court affirms.
 I {¶ 2} On October 27, 2003, Plaintiffs-Appellants Valley Forge Insurance Company ("Valley Forge") and Automotive Distributors ("AD") filed a complaint against Defendant-Appellee Premier Recyclers Plastics, Inc. ("PRP") concerning a fire at AD's place of business. After answering an amended complaint, PRP filed a motion to consolidate the above matter with another suit, Grange Mutual Casualty Company v. PRP. Grange Mutual Casualty Company ("Grange") had also sued PRP as a result of the fire. Edward Emerson ("Emerson") owned the building where the fire occurred and Grange was the insurer, assignee, and subrogee of Emerson. Grange sued PRP seeking subrogation in the amount of $1,068,000. PRP argued that both cases arose out of the same structure fire and involved the same law firms and evidence regarding liability. On October 15, 2004, the trial court granted PRP's motion to consolidate the cases.
 {¶ 3} On December 6, 2004, PRP filed a motion for summary judgment against Grange's claims. PRP argued that Grange's claims of subrogation pursuant to its insurance policy with Emerson were barred by the lease agreement. Specifically, PRP argued that the lease specifically waived the subrogation rights of the parties and their insurers and the lease allocated the risk of loss by fire to Emerson. Grange replied in opposition on December 27, 2004, arguing that the lease did not operate as a waiver of negligence on the part of the lessee.[1] Grange argued that because there was "no clear, unequivocal exemption of negligence in the Lease Agreement, the Waiver of Subrogation Clause [was] invalid and [could not] be given effect." PRP timely filed a reply to Grange's motion in opposition. On March 15, 2005, the trial court granted PRP's motion for summary judgment.
 {¶ 4} Grange has timely appealed the trial court's decision, asserting one assignment of error.[2]
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT, BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER THE CONFLICTING, AMBIGUOUS PROVISIONS IN THE SUBJECT LEASE AGREEMENT CREATE AN EXEMPTION FOR APPELLEE'S LIABILITY FOR LOSS BY FIRE, CAUSED BY THE NEGLIGENCE AND A WAIVER OF THE RIGHT OF SUBROGATION[.]"
 {¶ 5} In its sole assignment of error, Grange has argued that issues remain concerning whether the language of the lease is conflicting or ambiguous. Specifically, Grange has argued that the lease does not contain language exempting PRP for its own negligence and that the subrogation clause is invalid. We disagree.
 {¶ 6} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948, 107 S.Ct. 433, 93 L.Ed.2d 383. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 8} Once the moving party's burden has been satisfied, the non-moving party must meet its burden as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Id. See, also, Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} Pursuant to Civ.R. 56(C):
"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 10} It is undisputed that the lease at issue was prepared by Emerson and signed by him and the PRP president. Therefore, we turn our focus to the terms of the lease. Grange has argued that the terms of the lease do not exempt PRP from negligent acts and it points to Articles 3 and 5 of the lease as support of its position. Pursuant to Article 3 of the lease, specifically, section 3.02 entitled Waste and Nuisance:
"Lessee shall, throughout the Lease term, maintain the building and other improvements constituting the leased premises and keep from waste or nuisance, and shall deliver up the premises in good repair and in a clean and sanitary condition at the termination of this Lease, reasonable wear and tear and damage by fire, tornado, or other casualty excepted." (Emphasis added.)
Article 5, Damage or Destruction, provides that: "If the leased premises is damaged or destroyed in whole or in part at any time during the term of this Lease by fire or other casualty, Lessor shall with due diligence repair and rebuild the same so that when complete the property shall be substantially as it was prior to such damage." (Emphasis added.).
 {¶ 11} PRP has responded that Grange's appeal fails because of the waiver of subrogation in the lease. We agree and find that we need look no further than the waiver to affirm that PRP was entitled to summary judgment. Pursuant to Article 14, entitled "Waiver of Subrogation[,]" "Lessor and Lessee each agree to, and hereby to, waive the rights of subrogation of their respective insurers." Article 14 contained no other clauses and was indisputably included in the lease signed by Emerson and PRP's president.
 {¶ 12} Contractual subrogation clauses, such as Article 14, are controlled by contract principles, including those of interpretation of language. Blue Cross Blue Shield Mut. of Ohio v. Hrenko (1995),72 Ohio St.3d 120, 122. It is well settled that the language of a contract is to be construed in accordance with its plain and ordinary meaning. Karabin v. State Auto. Mut. Ins. Co. (1984), 10 Ohio St.3d 163,166-67; Eagle v. Fred Martin Motor Co., 157 Ohio App.3d 150,2004-Ohio-829, at ¶ 35. Moreover, where the language of the agreement is clear and unambiguous, the expressed intent of the parties must be given effect. Myers v. East Ohio Gas (1977), 51 Ohio St.2d 121, 125. (Citations omitted). Specifically, in construing a written lease, our primary duty is to determine and give effect to the intention of the parties. UnitedStates Fire Ins. Co. v. Phil-Mar Corp. (1956), 166 Ohio St. 85, 87. When the terms in a contract are unambiguous, this Court will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties. Alexander v. Buckeye Pipe Line Co.
(1978), 53 Ohio St.2d 241, 246.
 {¶ 13} Based on the plain and ordinary meaning of the language in Article 14 we find that the waiver of subrogation is independent from other articles in the lease and is not limited to specific conduct or circumstances. We also find that the intent of the parties is made clear and unambiguous from the language used in the lease agreement; this Court cannot imagine what could be more clear or unambiguous than the parties stating that they agree to "waive the rights of subrogation of their respective insurers." Moreover, no factual dispute was alleged or shown to have existed as to that intent.
 {¶ 14} Based on the foregoing and viewing the evidence in a light most favorable to the non-moving party, Grange, we find that no genuine issues of material fact remain, that PRP was entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, which is adverse to Grange. Accordingly, we find that the trial court did not err in granting PRP's motion for summary judgment. Grange's sole assignment of error lacks merit.[3]
 III {¶ 15} Grange's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., concurs.
[1] On December 15, 2004, the parties stipulated that PRP "was negligent and its negligence proximately caused the fire * * * which is the subject of th[e] lawsuit." The parties did not stipulate to damages.
[2] On April 7, 2005, Valley Forge and AD dismissed all claims against PRP with prejudice.
[3] There is no inequity in the enforcement of a clearly worded waiver of subrogation clause. Grange is in the insurance business and should properly monitor the agreements of its insured and investigate said agreements before paying its insured under their policies. Such practices would protect subrogation rights and provide a method to reduce unrecoverable payouts.