Lundberg Stratton, J.,
concurring in part and dissenting in part.
{¶ 23} I agree that the plain language of Crim.R. 11(B)(2) and Evid.R. 410(A) prohibits the use of convictions based on no-eontest pleas in an action for declaratory judgment for insurance coverage. However, I do not believe that the analysis ends there. We must consider the terms of the insurance contract. In this case, I believe that a person may waive the protections of Crim.R. 11(B)(2) and Evid.R. 410(A) by contract. Therefore, I respectfully dissent.
{¶ 24} Here, the parties contracted for fire insurance but excluded coverage for “loss or damages caused directly or indirectly by” the dishonest or criminal acts *368 of the insured. Also, the policy voided any coverage “if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning” a claim. I believe that when Richard Heyman, on behalf of O’Flaherty’s, purchased this insurance policy containing these provisions, he waived the protections of the Criminal Rules and the Rules of Evidence as they may apply to the admissibility of convictions for dishonest or criminal acts based on pleas of no contest. “Waiver as applied to contracts is a voluntary relinquishment of a known right.” White Co. v. Canton Transp. Co. (1936), 131 Ohio St. 190, 5 O.O. 548, 2 N.E.2d 501, paragraph one of the syllabus. It is well settled that a waiver-of-liability clause in an insurance policy is a valid expression of the freedom to contract. Hanover Ins. Co. v. Cunningham Drug Stores, Inc. (May 6, 1982), 8th Dist. No. 44066, 1982 WL 5341, *3. In addition, courts have held that waiver-ofsubrogation provisions are valid and enforceable. Valley Forge Ins. Co. v. Premier Recyclers Plastics, Inc., Summit App. No. 22633, 2005-Ohio-6317, 2005 WL 3193836.
{¶ 25} Richard Heyman pleaded no contest and voluntarily admitted the truth of the facts alleged against him, i.e., that he intentionally started the fire that destroyed O’Flaherty’s and committed a fraud against Elevators Mutual when he filed a claim for insurance proceeds. He had contractually agreed that his criminal acts would have collateral legal consequences sufficient to trigger the exclusions from coverage. When Richard admitted the truth of the facts underlying his convictions and then attempted to deny those facts in an insurance claim, he intentionally concealed or misrepresented material facts concerning his claim. Thus, based on the policy language, I believe that the trial court properly admitted evidence of his convictions to conclusively establish Elevator Mutual’s entitlement to summary judgment.
{¶ 26} The majority does not address contract waiver. Thus, the defendant may deny the facts underlying his convictions by hiding behind the rules. Such legal maneuvering allows a defendant to attempt to profit from his crime. I do not believe that this is what Crim.R. 11(B)(2) and Evid.R. 410(A) intended.
{¶ 27} After the Michigan Supreme Court decided Lichon v. Am. Universal Ins. Co. (1990), 435 Mich. 408, 459 N.W.2d 288, holding that an insured could maintain his innocence in an action to recover insurance proceeds for a fire that destroyed his business although he had pleaded nolo contendere and was convicted of attempted burning of the same property, Michigan’s Evidence Rules were amended to address Lichon. See 1991 Note to Mich.Evid.R. 410. The amended rule now permits evidence of a nolo contendere plea in a civil proceeding “to support a defense against a claim asserted by the person who entered the plea.” See Mich.Evid.R. 410(2).
*369 Ulmer & Berne, L.L.P., Robert E. Chudakoff, and Gary S. Greenlee, for appellant Elevators Mutual Insurance Co.
Gallagher Sharp, Jay Clinton Rice, and Richard C.O. Rezie, for appellant NAMIC Insurance Co.
Murray & Murray Co., L.P.A., W. Patrick Murray, James L. Murray, and William. H. Bartle, for appellees.
{¶ 28} In light of the inequitable situation here, Ohio should similarly amend its evidentiary rules so that a defendant may use the rules defensively, but may not rely on the rules offensively to impose liability on another. “Clearly, [Evid.R. 410] prohibits the affirmative use of a no contest plea in a claim against a former criminal defendant to subject him or her to additional civil or criminal liability. However, this does not mean a former criminal defendant should be able to assert a claim that contradicts the judgment of conviction against him or her.” USX Corp. v. Penn Cent. Corp. (2000), 137 Ohio App.3d 19, 27, 738 N.E.2d 13. I believe that this court should initiate proceedings to amend both the Criminal and Evidence Rules to prevent the legal tactics undertaken by the defendant in this case. The current state of the rules violates public policy and condones legal maneuvering.
{¶ 29} Although I concur in the majority’s analysis, I respectfully dissent because I believe that there are contractual implications involving waiver of the rules. Thus, I would reverse the judgment of the court of appeals and reinstate the judgment of the trial court.